**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ALBERTO LOPEZ ZAMUDIO, AKA Oscar Alberto Lopez, | No. 15-72591 |
| Petitioner, | Agency No. A088-487-847 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Oscar Alberto Lopez Zamudio, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion for a continuance

and his applications for asylum, withholding of removal, relief under the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Lopez Zamudio's request for a continuance where he failed to demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to consider).

Substantial evidence supports the agency's determination that Lopez Zamudio failed to demonstrate a nexus between the harm he experienced or fears in Mexico and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Lopez Zamudio's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Lopez Zamudio failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See*

*Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

To the extent Lopez Zamudio contends the BIA erred in its analysis of his motion for a continuance or his asylum, withholding of removal, and CAT claims, the contention fails. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention). We lack jurisdiction to consider Lopez Zamudio's contention that the IJ ignored evidence or otherwise erred in her analysis because Lopez Zamudio failed to raise these contentions before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

As to cancellation of removal, Lopez Zamudio does not raise any argument challenging the BIA's dispositive determination that he waived any challenge to the IJ's finding that he failed to establish he has a qualifying relative as required to demonstrate eligibility for relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Lopez Zamudio's cancellation of removal claim fails.

In light of this disposition, Lopez Zamudio's motion to remand for further consideration of his cancellation of removal claim is denied. *See* 8 U.S.C. § 1229b(b)(1)(D); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (applicants

"who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (*quoting Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**